IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JAMES CALVIN TALLEY, JR.,** | ) |
| Petitioner, | ) |
| v. | ) CASE NO. 2:21-CV-694-SLB-CWB |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This case is pending on Petitioner James Talley's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. 1.[1] Talley asserts (1) his trial counsel was ineffective for failing to request a continuance of his sentencing to a date after the First Step Act was passed, (2) trial counsel was ineffective for failing to object to the life sentence imposed on Count 1 on the basis that the sentence exceeded the statutory maximum, and (3) appellate counsel was also ineffective for failing to challenge the life sentence on Count 1. *See* Docs. 1, 2. The government responded to Talley's motion, arguing that the first ground in his motion is meritless but conceding that Talley is entitled to relief on his second and third grounds. Doc. 14. Talley filed a reply to the government's response (Doc. 20) and, almost a year later, filed a document labeled as an "amendment" to his

---

[1] References to "Doc." refer to the Clerk's docketing numbers in this action. References to "Crim. Doc." refer to the Clerk's docketing numbers in Talley's underlying criminal case in the U.S. District Court for the Middle District of Alabama, Case No. 17-CR-100-SLB.

motion (Doc. 21), which the court will construe as a motion for leave to amend his 2255 motion.

For the reasons below, the court finds Talley's § 2255 motion is due to be **DENIED** in part and **GRANTED** in part and that the construed motion to amend is due to be **DENIED**.

I.  **BACKGROUND**

In Talley's underlying criminal case, docketed in this court as Case No. 17-CR-100-SLB, a grand jury charged him in a second superseding indictment with five counts: Count 1 – possession with intent to distribute marijuana; Count 2 – possession with intent to distribute 50 grams or more of methamphetamine; Count 3 – possession of a firearm as a convicted felon; Count 4 – possession of a firearm in furtherance of the drug trafficking crime charged in Count 1; and Count 8 – use of a communication facility to facilitate the offense in Count 1.[2] Crim Doc. 90 at 1–3. When Talley went to trial in February 2018, the government dismissed Count 4 after the close of its evidence, and the jury found Talley guilty on the remaining counts. *See* Crim. Doc. 179 (jury verdict) and Crim. Doc. 265 at 2 (trial transcript). The court set sentencing for June 26, 2018. Crim. Doc. 194. On June 24, Talley moved to continue his sentencing for seven days to permit family members to attend, but the court denied the motion. Crim. Docs. 206, 207.

In its response to Talley's § 2255 motion, the government summarized the offense conduct from the final Presentence Investigation Report ("PSR") as follows:

---

[2] Only five counts appear in the second superseding indictment, but they are numbered Counts 1, 2, 3, 4, and 8.

2

On December 2, 2016, law enforcement arrested a subject in Texas with 100 pounds of marijuana. The subject was en route to deliver the marijuana to Talley in Verbena, Alabama, and he agreed to participate in a controlled buy, using a telephone to arrange the meeting. On December 3, 2016, law enforcement traveled with the subject and observed his controlled delivery, via a rental car, to Talley's house. They followed Talley, who drove the rental car with the drugs to Richie Murphy's house, parked, and opened the trunk. When agents activated their blue lights, Talley fled into the house through the front door. Agents entered and caught him at the back door. They located 3.5 pounds of crystal methamphetamine, marijuana, $22,526 in U.S. currency, two firearms, ammunition, and drug paraphernalia. Agents also searched Talley's residence, where they found marijuana, $50,912 in U.S. currency, two handguns, ammunition, a digital scale, two cellphones, and a currency counter. A Drug Enforcement Administration laboratory analyzed the methamphetamine and found that it was 97% pure and weighed 1,335 grams, while the total weight of marijuana was 3,177 grams. The total marijuana equivalency assigned to Talley was 26,703.18 kilograms.

Using the 2016 Guidelines Manual, the PSR assigned a base offense level of 34 for the drug weight, added 2 points for the possession of a dangerous weapon, and added 2 points for Talley's role as a leader/organizer. Based on Talley's status as a career offender, however, his offense level was 42. Based on his convictions, his initial criminal history category was IV, but because of his status as a career offender, it became VI.

Doc. 14 at 3–4; Doc. 14-2 ¶¶ 12–18, 33, 35-40, 41, 55.

The original PSR in Talley's criminal case attributed the following drug amounts to him: 5.33 kilograms of methamphetamine ("ice"), 20.87 kilograms of methamphetamine, 5 kilograms of cocaine, 329.76 kilograms of marijuana, and 105 grams of Fentanyl. Doc. 14-2 ¶ 29. It also included the following statutory minimum and maximum terms of imprisonment and supervised release:

   Count 1: Minimum of 10 years and maximum of life with 8 years of supervised release
   Count 2: Mandatory life without release with 10 years of supervised release
   Count 3: Maximum of 10 years with 1 to 3 years of supervised release
   Count 8: Maximum of 8 years with 1 to 3 years of supervised release

Doc. 14 at 4; Doc. 14-2 ¶¶ 90, 94.

At sentencing, this court declined to attribute the entire drug amounts in the original PSR to Talley and, instead, attributed only the amounts found during the law enforcement operation, which included 1.34 kilograms of methamphetamine and 3.177 kilograms of marijuana. Crim. Doc. 247 at 15–20. The final PSR adopted by the court reflects the court's findings on drug amounts but does not reflect change in the statutory minimum and maximum for Count 1. *See* Doc. 14-2 and Crim. Doc. 213 at ¶¶ 29, 90. The court determined that Talley's offense level was 42 because he was a career offender and that his criminal history category was VI, resulting in a guideline range of life imprisonment. Crim. Doc. 257 at 25, 27. Talley was sentenced to life imprisonment on Counts 1 and 2, 120 months on Count 3, and 96 months on Count 8, followed by supervised release of 8 years on Count 1, 10 years on Count 2, and 3 years on Counts 3 and 8. Crim. Doc. 211.

Talley filed a timely direct appeal asserting seven issues: the district court erred by (1) failing to instruct the jury that it could only find him guilty of being a felon in possession of a firearm if he knew he was a felon, as required by *United States v. Rehaif*, 139 S. Ct. 2191 (2019); (2) denying his motion for judgment of acquittal on Count 3 (felon in possession); (3) failing to exclude an agent's testimony about his wife's statement that the guns were his, in violation of the Confrontation Clause; (4) failing to exclude an agent's testimony about the identity of Talley's source of methamphetamine, in violation of the Confrontation Clause; (5) giving the jury the *Allen* charge; (6) imposing a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) when the jury did not find beyond a reasonable doubt that he had been convicted of two prior drug felonies; and (7) applying improper

4

enhancements when calculating his advisory guideline range. Crim. Doc. 281 at 11. The Eleventh Circuit affirmed Talley's convictions and sentences, and the mandate issued on February 9, 2021. *Id.*; Crim. Doc. 282.

As relevant here, a § 2255 motion must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When an inmate appeals his convictions and sentences but does not petition the U.S. Supreme Court for relief, his judgment becomes final when the time for filing a petition for certiorari from the appellate court's affirmation of his conviction expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). Under U.S. Supreme Court Rule 13, a petition for writ of certiorari to review the judgment of a United States Court of Appeals in a criminal case must be filed within 90 days after the judgment is entered. Thus, Talley's one-year statute of limitations began running on May 10, 2021, and he filed his § 2255 motion on October 18, 2021. Therefore, his original § 2255 motion is timely.

## II.   STANDARDS OF REVIEW

After a defendant is convicted and sentenced, § 2255 allows a federal prisoner to file a motion in the sentencing court to vacate, set aside, or correct the sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A federal prisoner seeking relief under § 2255 bears the burden of proving his claims. *See Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017) (stating, in examining claims under *Johnson v. United States*, 576 U.S. 591 (2015), that

5

"like any other § 2255 movant, a *Johnson* § 2255 claimant must prove his claim"). Where a prisoner seeks an evidentiary hearing, "a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465 (2007). But "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

The three grounds in Talley's § 2255 motion are claims based on ineffective assistance of counsel. To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that (1) his counsel's performance was deficient such that the performance fell below an objective standard of reasonableness and (2) he suffered prejudice as a result of that deficiency. *Strickland v. Washington*, 466 U.S. 668, 668, 694 (1984). To prove prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Id.* "Claims of ineffective assistance of appellate counsel are governed by the same [*Strickland*] standards applied to trial counsel." *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) (citing *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991)).

### III.  DISCUSSION

As mentioned above, Talley's motion asserts that (1) trial counsel was ineffective for failing to request a continuance of his sentencing to a date after the First Step Act was enacted; (2) trial counsel was ineffective for failing to object to the life sentence imposed

on Count 1 on the basis that the sentence exceeded the statutory maximum; and (3) appellate counsel was also ineffective for failing to challenge the life sentence on Count 1.

### A.   Ground One: Ineffective Assistance of Counsel Based on a Failure to Continue Sentencing until Enactment of the First Step Act

Talley is entitled to no relief on his claim that trial counsel was ineffective for failing to request a continuance of sentencing until the First Step Act was enacted.

Talley was sentenced on June 26, 2018. The First Step Act of 2018, Pub. L. No. 115-391, § 401, was enacted six months later on December 21, 2018.[3] The Eleventh Circuit has "a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel." *Pineda v. Warden, Calhoun State Prison*, 802 F.3d 1198, 1204 (11th Cir. 2015) (quoting *United States v. Ardley,* 273 F.3d 991, 993 (11th Cir. 2001)). The Eleventh Circuit has "held many times that reasonably effective representation cannot and does not include a [r]equirement to make arguments based on predictions of how the law may develop." *Rambaran v. Sec'y, Dep't of Corr.*, 821 F.3d 1325, 1334 (11th Cir. 2016) (quoting *Spaziano v. Singletary,* 36 F.3d 1028, 1039 (11th Cir. 1994) (quotation marks omitted) (second alteration in original)); *see also Sullivan v. Wainwright,* 695 F.2d 1306, 1309 (11th Cir. 1983) (holding that counsel is not ineffective for failing to "divine [a] judicial development"). Because it would be

---

[3] The First Step Act amended the prior conviction enhancement to apply only where a defendant has a prior "serious drug felony" conviction for which the defendant served at least one year of incarceration. 21 U.S.C. § 802(57)(A). "Serious drug felony" means an offense described in 18 U.S.C. § 924(e)(2), which defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(ii).

unreasonable to require attorneys to predict the future, Talley's counsel was not ineffective for failing to make decisions or seek a continuance based on a change in the law that had yet to occur. *See Spaziano*, 36 F.3d at 1039; *United States v. Finley*, 805 F. App'x 823, 826–27 (11th Cir. 2020) ("[t]his Court's precedent clearly forecloses an ineffective-assistance-of-counsel claim based on failure to raise an objection that would not succeed under current law, but which could succeed depending on a forthcoming Supreme Court decision") (citation omitted). Accordingly, Talley cannot establish the deficiency prong of his first ineffective assistance of counsel claim.

Even if Talley could establish the deficiency prong, this claim would still fail because he cannot establish the prejudice prong, as he has failed to show a reasonable probability that this court would have granted a motion to continue sentencing until after the First Step Act was enacted. Talley's trial counsel filed a motion for a seven-day continuance of his sentencing so family members could attend, and that motion was denied. At the time Talley was sentenced, the First Step Act had passed in the Senate but had not yet passed in the House, and neither Talley's attorney nor the court could have known how long it would take for the bill to pass in the House and become law.[4] Talley has presented nothing indicating this court, which refused his request for a brief one-week continuance, would have put sentencing on hold *indefinitely* to await enactment of the First Step Act.

Therefore, Talley is entitled to no relief on this claim.

---

[4] *See* https://www.congress.gov/bill/115th-congress/senate-bill/756/all-actions (last visited March 7, 2025).

### B. Grounds Two and Three: Ineffective Assistance of Counsel Based on Errors in Sentencing on Count 1

Talley argues his trial and appellate counsel were ineffective for failing to raise an error in his sentencing on Count 1. Talley was sentenced to life imprisonment on Counts 1 and 2, but Talley argues the sentence on Count 1 exceeded the applicable statutory maximum under 21 U.S.C. § 841(b)(1)(D). The Government agrees. Doc. 14 at 10–11.

As detailed above, the original PSR in Talley's criminal case attributed 329.76 kilograms of marijuana to Talley and, as a result, reported a minimum sentence of 10 years' imprisonment and a maximum of life under 21 U.S.C. § 841(b)(1)(B). Doc. 14-3 ¶¶ 29, 90. When the court declined to attribute this entire drug amount to Talley and instead attributed only the 3.177 kilograms of marijuana found during the law enforcement operation (Doc. 247 at 15–20), the new drug amount reduced the sentence range on Count 1 to a maximum of "not more than ten years" in prison under §841(b)(1)(D). The final PSR incorporated the court's amendments to the drug amounts attributable to Talley but did not reflect a change in the statutory minimum and maximum for Count 1. Doc. 14-2 and Crim Doc. 213 ¶¶ 29, 35, 90. Talley was then sentenced to life imprisonment on Count 1, and neither party objected. Because Talley's sentence would have been different if the court had known the applicable statutory maximum for Count 1, Talley is entitled to relief on grounds two and three of his § 2255 motion.

If a court finds a petitioner is entitled to relief under 28 U.S.C. § 2255, it has discretion to "correct the sentence as may appear appropriate." *See* 28 U.S.C. § 2255(b); *United States v. Haynes*, 764 F.3d 1304, 1310 (11th Cir. 2014) (finding no error when court

on collateral review found the sentence on one charge to be illegal and vacated only that particular sentence) (citing *United States v. Willis,* 649 F.3d 1248, 1256 (11th Cir. 2011) ("The district court rejected [the defendant's arguments] regarding those issues and had no reason to relitigate what had, in its view, been decided without error.") and *United States v. Bryant*, 246 F.3d 650, 654 (6th Cir. 2001) ("When a district court orders a resentencing the court has the power to determine the appropriate scope of the resentencing.")). To correct a sentencing error, a court must resentence the inmate, which is analogous to beginning the sentencing process again, or correct his sentence to respond to a specific error. *United States v. Thomason*, 940 F.3d 1166, 1171 (11th Cir. 2019).

Talley's motion requests vacatur of both life sentences (Counts 1 and 2) and a full resentencing under the First Step Act, but his arguments regarding the First Step Act relate only to Count 2 (*see* Doc. 2 at 14–16). The court has found that Talley is entitled to no relief on that claim. Accordingly, the sentencing error on Count 1 has no bearing on the sentence of life imprisonment imposed on Count 2.

As for Count 1, a "district court need not conduct a full resentencing when correcting the error does not change the guideline range and the district court does not make the sentence more onerous." *Thomason*, 940 F.3d at 1172 (citing *United States v. Brown*, 879 F.3d 1231, 1239–40 (11th Cir. 2018)). Additionally, although a defendant has a right to be present at any "critical" stage of a criminal proceeding, a defendant does not have a right to be present when a court takes action to modify his sentence:

> For example, a defendant does not have a right to be present when the district court corrects or reduces his sentence because of an arithmetical error or based on a motion for substantial assistance, Fed. R. Crim. P. 35, or for extraordinary reasons, 18 U.S.C. § 3582(c). Fed. R. Crim. P. 43(b)(4). After all, the defendant has a right to be present only if the modification to the sentence constitutes a critical stage where "his presence would contribute to the fairness of the procedure," *Stincer*, 482 U.S. at 745, 107 S.Ct. 2658, and many minor modifications to sentences do not satisfy that requirement.

*Thomason*, 940 F.3d at 1171–72. Two factors determine whether a sentence correction is critical and requires the defendant's presence: (1) whether the sentencing error undermines the sentence as a whole and (2) whether the court will exercise "significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing." *Id*. at 1172.

The statutory minimum for Talley's sentence on Count 2 was life imprisonment, so the sentencing error on Count 1 does not change Talley's guideline range. Regardless of any correction to the sentence on Count 1, Talley's life sentence on Count 2 will remain unchanged. Therefore, the sentencing error on Count 1 does not undermine Talley's sentence as a whole. Additionally, this court can correct the sentencing error without exercising significant discretion or addressing questions not considered at the original sentencing. The exercise of "significant" discretion "may occur, for example, if the district court vacates a mandatory-minimum sentence and then is able to consider the statutory sentencing factors for the first time. . . . But, '[a]t the other end of the spectrum,' a district court does not exercise its discretion when it vacates and reimposes the 'exact same sentence' to allow a defendant 'to file an out-of-time direct appeal.'" *Id*. at 1173 (citations omitted). This court has already considered all factors bearing on Talley's sentence and

11

correcting the sentencing error on Count 1 will not require the court to consider new factors or address new questions.

Accordingly, correction of the sentencing error on Count 1 does not require a full resentencing hearing that would constitute a critical stage where Talley's presence would be required. *See United States v. Jackson*, 923 F.2d 1494, 1495–97 (11th Cir. 1991) (holding district court not required to hold hearing before lowering defendant's sentence under Federal Rule of Criminal Procedure 35 after concluding that sentences for some counts were too long). The court will grant Talley's § 2255 motion with respect to grounds two and three, vacate his sentence on Count 1, and enter a separate order in his criminal case correcting the sentence error on Count 1.

C. **Talley's Motion for Leave to Amend**

Talley's "amendment" to his § 2255 motion, construed as a motion for leave to amend, was filed on January 3, 2023. Doc. 21 at 37. Because his one-year statute of limitations began to run on May 10, 2021, Talley filed his motion almost eight months after the applicable statute of limitations expired. Nonetheless, the motion may be deemed timely if the proposed amendment "relates back" to the original § 2255 motion under Rule 15(c) of the Federal Rules of Civil Procedure.

An amendment relates back if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The untimely claims in the amendment "must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport v. United States,* 217 F.3d 1341, 1344 (11th Cir. 2000). Talley argues the claims

in his proposed amendment relate back to his original filing because both filings allege that he was denied effective assistance of counsel.[5] Doc. 25 at 2.

In his proposed amendment, Talley claims his trial counsel was ineffective for failing to file a motion in limine or object to the AUSA's reading of his prior felony convictions to the jury, failing to object to the AUSA's eliciting of hearsay testimony, and failing to investigate whether the government's witness was his cellmate. He claims his appellate counsel was ineffective because he failed to communicate and consult with him regarding issues to raise on appeal and failed to file a reply brief to address evidentiary issues and the sentencing enhancement he received for his leadership role in the drug conspiracy.[6] Doc. 21 at 22–37.

The court finds these claims have no relation to Talley's original § 2255 motion, which raised only the failure to seek a continuance of sentencing and the excessive sentence on Count 1. The proposed amendment "does not merely provide specifics" to his previous claims but, instead, raises all new claims based on separate conduct than what is alleged in his original motion. *See Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001) (finding inmate's amended claims did not relate back because original petition addressed only sentencing errors but amendment addressed trial errors such as ineffective assistance

---

[5] Talley also argues that the COVID-19 pandemic constituted an impediment warranting equitable tolling of the statute of limitations; however, Talley filed a motion for an audio CD of trial proceedings in his criminal case in July 2021, his original § 2255 motion in October 2021, and a reply to the government's response in this action in February 2022. Because Talley was able to file these documents and has offered no factual details demonstrating how he was prevented from filing the motion to amend before the statute of limitations expired on May 10, 2022, the Court finds this argument unpersuasive.

[6] He further alleges that the Assistant U.S. attorney in his case engaged in misconduct by informing the jury of his prior felony convictions and eliciting inadmissible hearsay, but this alleged conduct by the prosecutor obviously does not relate to an ineffective assistance of counsel claim in his original § 2255 motion.

of counsel and prosecutorial misconduct"); *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000) (finding claims in amendment did not relate back when original claims dealt with chemical makeup of drugs but amended claims addressed relationship between drug transactions, counsel's reliance on lab summary instead of full report, and failure to advise of possible plea agreement); *Espinosa v. United States*, 330 F. App'x 889, 892 (11th Cir. 2009) (per curiam) (finding no relation back because initial § 2255 motion involved alleged deficiencies "during specific moments of the trial and at sentencing" but amended claims involved pretrial claims about counsel's preparation and investigation, so claims did not arise from "a common core of operative facts"); *Mabry v. United States*, 336 F. App'x 961, 964 (11th Cir. 2009) (finding claim that counsel was ineffective at sentencing by failing to assist court in computing correct guideline level did not relate back to original claim of ineffective assistance at sentencing based on failure to explain defendant's substantial assistance; even though "both claims involve[d] counsel's performance at sentencing, they involve[d] very different aspects of counsel's performance").

Accordingly, Talley's construed motion to amend is untimely and is due to be denied.

**IV. CONCLUSION**

Based on the foregoing, Talley's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) is due to be DENIED as to ground one and GRANTED as to grounds two and three. Talley's motion to amend is due to be DENIED as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Proceedings provides, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." An applicant for Section 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue [. . .] *only* if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotations omitted).

In this case, ground one of Talley's motion is meritless, and reasonable jurists could not disagree. He has not demonstrated that the issue is reasonably debatable and/or deserves encouragement to proceed further. Therefore, issuance of a certificate of appealability is not warranted in this case.

An Order in accordance with this Memorandum Opinion will be entered.

**DONE** this 21st day of March, 2025.

_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE